# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 10-07032 TJH (PLAx) |
| Plaintiff, | JS-6 |
| v. | |
| BUD'S OIL SERVICE, INC., | |
| Defendant. | |

**CONSENT DECREE**

**TABLE OF CONTENTS**

I. BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
II. JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
III. PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
IV. DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
V. STATEMENT OF PURPOSE . . . . . . . . . . . . . . . . . . . . . 4
VI. PAYMENT OF RESPONSE COSTS . . . . . . . . . . . . . . . . 4
VII. COVENANT NOT TO SUE BY PLAINTIFF . . . . . . . . . . 5
VIII. RESERVATION OF RIGHTS BY UNITED STATES . . . . . . . . 5
IX. COVENANT NOT TO SUE BY SETTLING DEFENDANT . . . . 7
X. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION . . 8
XI. DOCUMENT RETENTION/CERTIFICATION . . . . . . . . . . . 10
XII. NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . 11
XIII. RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . 12
XIV. INTEGRATION/APPENDICES . . . . . . . . . . . . . . . . . . . 12
XV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . 13
XVI. SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . 13
XVII. FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . 14

# I. BACKGROUND

A. The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken or to be taken at or in connection with the release or threatened release of hazardous substances at the Omega Chemical Corporation Superfund Site in Whittier, Los Angeles County, California ("the Omega Site"). The Settling Defendant, also, has been identified as a potentially responsible party ("PRP") at the Casmalia Resources Superfund Site ("the Casmalia Site").

B. The defendant that has entered into this Consent Decree ("Settling Defendant") does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

C. The United States has reviewed the Financial Information submitted by Settling Defendant to determine whether Settling Defendant is financially able to pay response costs incurred and to be incurred at the Site. Based upon this Financial Information, the United States has determined that Settling Defendant is able to pay the amounts specified in Section VI (Payment of Response Costs).

D. The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

Therefore, with the consent of the Parties to this Decree, it is Ordered, Adjudged, and Decreed:

. . . . . . .

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607, 9613(b), and 9622, and also has personal jurisdiction over Settling Defendant. Settling Defendant consents to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States, and upon Settling Defendant and its heirs, successors and assigns. Any change in ownership or corporate or other legal status, including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

"Casmalia Site" shall mean the Casmalia Resources Superfund Site, encompassing approximately 252 acres located in a rural area of the Casmalia Hills in Santa Barbara County, California generally shown on the map included as Appendix A.

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq*.

"Consent Decree" shall mean this Consent Decree and all appendices

attached hereto.  In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

"Day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

"EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Financial Information" shall mean those financial documents identified in Appendix C.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).  The applicable rate of interest shall be the rate in effect at the time the interest accrues.  The rate of interest is subject to change on October 1 of each year.

"Omega Site" shall mean the Omega Chemical Corporation Superfund Site, including the property formerly owned by the Omega Chemical Corporation, encompassing approximately one acre, located at 12504 and 12508 East Whittier Boulevard, Whittier, California, generally shown on the map included as Appendix B.

"Paragraph" shall mean a portion of this Consent Decree identified

by an Arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States and the Settling Defendant.

"RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. § 6901, *et seq*. (also known as the Resource Conservation and Recovery Act).

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendant" shall mean Bud's Oil Service, Inc.

"Sites" shall refer collectively to both the Casmalia Site and the Omega Site.

"United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. STATEMENT OF PURPOSE

4. By entering into this Consent Decree, the mutual objective of the Parties is for Settling Defendant to make a cash payment from the proceeds of its insurance policies to address its liability for the Sites as provided in the Covenant Not to Sue by Plaintiff in Section VII, and subject to the Reservations of Rights by United States in Section VIII.

## VI. PAYMENT OF RESPONSE COSTS

5. On or about June 12, 2009, the United States Attorney's Office received a payment of eighty-five thousand dollars ($85,000.00). This sum represents an agreed amount of insurance policy proceeds to be paid to the United States as a result of a separate agreement between the Settling Defendant and one of its insurers ("First Release Agreement"). In addition, on or about September 8, 2010, the United States Attorney's Office received a payment of four hundred thousand dollars ($400,000.00). This sum represents an agreed amount of insurance policy proceeds to be paid to the United States as a result of a separate

agreement between the Settling Defendant and one of its insurers ("Second Release Agreement"). Therefore as a result of the Release Agreements, the United States will have received a total of $485,000.00. Of this total, $2,900 shall be payable to or transferred by EPA to the Casmalia Resources Site Special Account. The remaining amount ($482,100) shall be applied towards the Omega Chemical Corporation Site Special Account.

## VII. COVENANT NOT TO SUE BY PLAINTIFF

6. Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), with regard to the Sites. This covenant not to sue is conditioned upon the veracity and completeness of the Financial Information provided to EPA by Settling Defendant. If the Financial Information is subsequently determined by EPA to be false or, in any material respect, inaccurate, Settling Defendant shall forfeit all payments made pursuant to this Consent Decree and this covenant not to sue and the contribution protection in Paragraph 13 shall be null and void. Such forfeiture shall not constitute liquidated damages and shall not in any way foreclose the United States' right to pursue any other causes of action arising from Settling Defendant's false or materially inaccurate information. This covenant not to sue extends only to Settling Defendant and does not extend to any other person.

## VIII. RESERVATION OF RIGHTS BY UNITED STATES

7. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by United States in Paragraph 9. Notwithstanding any other provision of this Consent Decree, the United States

reserves all rights against Settling Defendant with respect to:

    a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

    b. criminal liability;

    c. liability, based upon Settling Defendant's ownership or operation of the Site or Sites, or upon Settling Defendant's transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal, of a hazardous substance or a solid waste at or in connection with the Sites, after signature of this Consent Decree by Settling Defendant;

    d. liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Sites; and

    e. with respect to the Casmalia Site, liability arising from the past, present, or future arrangement by Settling Defendant, or a subsidiary or affiliated entity of Settling Defendant for transportation to, or treatment, storage or disposal of a hazardous substance or a solid waste at the Casmalia Site that is both (1) not from a facility or specific location owned or operated by Settling Defendant as specified in Appendix E, and (2) not included in the volume of waste attributed to Settling Defendant as set forth in Appendix E; and claims by Federal Trustees for costs associated with response actions or Natural Resource Damage Claims at the Casmalia Site.

    8. Notwithstanding any other provision of this Consent Decree, EPA reserves, and this Consent Decree is without prejudice to, the right to reinstitute or reopen this action, or to commence a new action seeking relief other than as provided in this Consent Decree, if the Financial Information provided by Settling Defendant, or the financial certification made by Settling Defendant in Paragraph 18, is false or, in any material respect, inaccurate. In addition, notwithstanding any other provision in this Consent Decree, the United States reserves, and this

1 Consent Decree is without prejudice to, the right to institute judicial or
2 administrative proceedings against Settling Defendant seeking to compel Settling
3 Defendant to reimburse the United States, for additional costs of response and/or
4 Natural Resource Damages, if information is discovered that indicates Settling
5 Defendant no longer qualifies as a *de minimis* party at the Casmalia Site because
6 Settling Defendant contributed more than 8.5 million pounds of materials
7 containing hazardous substances the toxic or hazardous effect of which are not
8 minimal in comparison to other hazardous substances at the Casmalia Site, as set
9 forth in the Contaminant List attached as Appendix D. For purposes of this
10 section only, the volume of material contributed by Settling Defendant shall not
11 include any waste sent by an entity merged into or otherwise acquired by Settling
12 Defendant after the effective date of this Consent Decree.

### IX. COVENANT NOT TO SUE BY SETTLING DEFENDANT

9. Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Sites or this Consent Decree, including but not limited to:

    a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

    b. any claim arising out of response actions at or in connection with the Sites, including any claim under the United States Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law;

    c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Sites;

1    d. any claim pursuant to Section 7002 of RCRA, 42 U.S.C. § 6972,
2 or any other comparable California laws, relating to the Sites; and
3    e. any claim asserting a "takings" or similar claim.
4  Except as provided in Paragraph 11 (Waiver of Claims) and Paragraph 15
5 (Waiver of Claim-Splitting Defenses), these covenants not to sue shall not apply in
6 the event the United States brings a cause of action or issues an order pursuant to
7 the reservations set forth in Paragraph 7 (b) - (e), but only to the extent that
8 Settling Defendant's claims arise from the same response action or response costs
9 that the United States is seeking pursuant to the applicable reservation.
10   10. Nothing in this Consent Decree shall be deemed to constitute approval
11 or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42
12 U.S.C. § 9611, or 40 C.F.R. 300.700(d).
13   11. Settling Defendant agrees not to assert any CERCLA claims or causes
14 of action pursuant to Sections 107 and 113(f) of CERCLA, 42 U.S.C. §§ 9607
15 and 9613(f), that it may have for all matters relating to the Sites against any other
16 person who is a potentially responsible party under CERCLA at the Sites. This
17 agreement not to assert any claims or causes of action shall not apply with respect
18 to any defense, claim, or cause of action that Settling Defendant may have against
19 any person if such person asserts or has asserted a claim or cause of action
20 relating to the Sites against Settling Defendant.

## X. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

23   12. Except as provided in Paragraph 11, nothing in this Consent Decree
24 shall be construed to create any rights in, or grant any cause of action to, any
25 person not a Party to this Consent Decree. The preceding sentence shall not be
26 construed to waive or nullify any rights that any person not a signatory to this
27 Decree may have under applicable law. Except as provided in Paragraph 11 the
28 Parties expressly reserve any and all rights (including, but not limited to, any right

to contribution), defenses, claims, demands, and causes of action which they may have with respect to any matter, transaction, or occurrence relating in any way to the Sites against any person not a Party hereto.

13. The Parties agree, and by entering this Consent Decree this Court finds, that this settlement constitutes a judicially-approved settlement for purposes of Section 113(f)(2) and with respect to the Casmalia Site, Section 122(g)(5), and that Settling Defendant is entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2) and, with respect to the Casmalia Site, Section 122(g)(5), 42 U.S.C. § 9622(g)(5), or as may be otherwise provided by law, for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Sites, by the United States or any other person; provided, however, that if the United States exercises rights under the reservations in Section IX (Reservation of Rights by United States), other than claims for failure to comply with this Decree or in Paragraph 8(b)(Criminal liability), the "matters addressed" in this Consent Decree will no longer include those response costs or response actions that are within the scope of such reservations.

14. Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon it. In addition, Settling Defendant shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

15. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Sites, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VIII.

## XI. DOCUMENT RETENTION/CERTIFICATION

16. Until five years after the entry of this Consent Decree, Settling Defendant shall preserve and retain all records now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Sites or the liability of any person under CERCLA with respect to the Sites, regardless of any corporate retention policy to the contrary.

17. After the conclusion of the document retention period in the preceding paragraph, Settling Defendant shall notify EPA and DOJ at least 90 days prior to the destruction of any such records, and, upon request by EPA or DOJ, Settling Defendant shall deliver any such records to EPA. Settling Defendant may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege, it shall provide Plaintiff with the following: 1) the title of the record; 2) the date of the record; 3) the name and title of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. However, no records created or generated pursuant to the requirements of this or any other settlement with the United States shall be withheld on the grounds that they are privileged.

18. Settling Defendant hereby certifies that, to the best of its knowledge and belief, after thorough inquiry, it has:

    a. not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or other information relating to its potential liability regarding the Sites since notification of potential liability by the United States or the State or the filing of suit against it regarding the Sites, and that it has fully complied with any and all EPA requests for information regarding the Sites and Settling Defendant's financial circumstances pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927; and

    b. submitted to EPA Financial Information that fairly, accurately, and materially sets forth its financial circumstances, and that those circumstances have not materially changed between the time the Financial Information was submitted to EPA and the time Settling Defendant executes this Consent Decree; and

    c. has no reason to disagree with EPA's determination that Settling Defendant: (1) contributed less than 8.5 million pounds of materials containing hazardous substances to the Casmalia Site, and (2) contributed hazardous substances of minimal toxic or other hazardous effects in comparison to other hazardous substances at the Casmalia Site, as set forth in the Contaminants List attached as Appendix D.

## XII. NOTICES AND SUBMISSIONS

19. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of

any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, and Settling Defendant, respectively.

As to DOJ:
Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-3-06529/9)
P.O. Box 7611
Washington, D.C. 20044-7611

As to EPA:
Steve Berninger
Assistant Regional Counsel
U.S. EPA Region 9
75 Hawthorne Street, ORC-3
San Francisco, CA 94105

and

Karen Goldberg
Assistant Regional Counsel
U.S. EPA Region 9
75 Hawthorne Street, ORC-3
San Francisco, CA 94105

As to Settling Defendant:
Stephen Hogg
6235 South 37th Street
Phoenix, AZ 85042

## XIII. RETENTION OF JURISDICTION

20. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIV. INTEGRATION/APPENDICES

21. This Consent Decree and its appendices constitute the final, complete and exclusive Consent Decree and understanding between the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is the map of the Casmalia Site;

"Appendix B" is a map of the former Omega Chemical facility;

"Appendix C" is a list of the financial documents submitted to EPA by Settling Defendant;

"Appendix D" is the list of contaminants at the Casmalia Site; and

"Appendix E" is a list of facility information related to the Casmalia Site.

### XV.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

22.  This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate.  Settling Defendant consents to the entry of this Consent Decree without further notice.

23.  If for any reason this Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the sole discretion of any Party and the terms of the Consent Decree may not be used as evidence in any litigation between the Parties.

### XVI.  SIGNATORIES/SERVICE

24.  Each undersigned representative of Settling Defendant to this Consent Decree and the Deputy Section Chief of the Environmental Enforcement Section, Environment and Natural Resources Division of the United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

25.  Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer

1  supports entry of the Consent Decree.

2  26. Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on its behalf with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Settling Defendant need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

### XVII.  FINAL JUDGMENT

27. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

IT IS SO ORDERED.

Date:  July 12, 2011

*Terry J. Hatter, Jr.*
Terry J. Hatter, Jr.
Senior United States District Judge

cc: Fiscal

- 14 -

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States v. Bud's Oil Service, Inc.*, CV 10-07032TJH, relating to the Casmalia Resources Superfund Site and Omega Chemical Corporation Superfund Site.

FOR THE UNITED STATES OF AMERICA

Date:_____            /s/ Ellen Mahan
                         ELLEN MAHAN
                         Deputy Chief
                         Environmental Enforcement Section
                         Environment and Natural Resources Division
                         U.S. Department of Justice

Date: 9/21/10            /s/ Karl J. Fingerhood
                         KARL J. FINGERHOOD
                         Trial Attorney
                         Environmental Enforcement Section
                         Environment and Natural Resources Division

Date: 6/28/10            /s/Jane Diamond
                         JANE DIAMOND
                         Director, Superfund Program
                         U.S. Environmental Protection Agency
                         75 Hawthorne Street, ORC-3
                         San Francisco, CA 94105

Date: 5/18/10            /s/ Stephen Berninger
                         STEPHEN BERNINGER
                         Assistant Regional Counsel
                         U.S. Environmental Protection Agency

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Bud's Oil Service, Inc.*, relating to the Casmalia Resources Superfund Site and Omega Chemical Corporation Superfund Site.

FOR DEFENDANT BUD'S OIL SERVICES, INC.

Date: 3/7/2010      /s/ Stephen Hogg

Agent Authorized to Accept Service on Behalf of Above-signed Party:

    Name:      Stephen Hogg
    Title:       President
    Address:   6235 South 37th Street
                    Phoenix, AZ 85042